IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**LATRICE STIGGER and MICHELLE BROWN,**               **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                           No. 6:20-cv-6107-SOH

**STIHL SOUTHWEST, INC.**                                    **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Latrice Stigger and Michelle Brown (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant STIHL Southwest, Inc. ("Defendant"), they state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     Defendant employed Plaintiffs at its facilities located within the Hot Springs Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.     Plaintiff Latrice Stigger is an individual and resident of Hot Spring County.

7.     Plaintiff Michelle Brown is an individual and resident of Hot Spring County.

8.     Defendant is a domestic, for-profit corporation.

9.     Defendant's registered agent for service is Dorsey D. Glover, at 2730 South Rivercreek Drive, Malvern, Arkansas 72104.

10.     Defendant maintains a website at https://www.stihlsw.com/.

## IV.     FACTUAL ALLEGATIONS

11.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

13. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as yard and construction equipment and tools sold by Defendant and packing supplies.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. Defendant is a branch distributor for STIHL, Inc., a manufacturer of yard and construction equipment and tools.

16. Defendant's distribution area covers Arkansas, Louisiana, Mississippi and East Texas.

17. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

18. Defendant has employed Plaintiff Stigger as an hourly-paid employee since 2014.

19. Defendant employed Plaintiff Brown as an hourly-paid employee from 2015 until March of 2020.

20. Defendant also employed other hourly-paid employees within the three years preceding the filing of this lawsuit.

21. At all times material herein, Plaintiffs have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

22. Defendant also classified other hourly-paid employees as non-exempt from the overtime requirements of the FLSA and the AMWA.

23. At all relevant times herein, Defendant directly hired hourly-paid employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Plaintiffs regularly received bonuses based on nondiscretionary criteria.

25. Specifically, Plaintiffs were paid end-of-year bonuses calculated based on the company's sales that year.

26. Upon information and belief, other hourly-paid employees also received these bonuses.

27. Plaintiffs were informed ahead of time that they would receive end-of-year bonuses based on sales.

28. Plaintiffs received the end-of-year bonuses each year.

29. Defendant announced the amount of sales and the corresponding bonus amount each year.

30. Plaintiffs regularly worked more than forty (40) hours in a workweek.

31. Upon information and belief, other hourly employees also regularly or occasionally worked more than forty (40) hours in a workweek.

32. During weeks in which Plaintiffs and other hourly-paid employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant failed to include the value of the bonuses that Defendant provided to Plaintiffs and other hourly-paid employees when calculating their overtime rate.

33. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as bonuses, in the regular rate when calculating Plaintiffs' and other hourly-paid employees' overtime pay.

35. At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

36. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty (40) hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

39. Plaintiffs propose the following class under the FLSA:

**All hourly-paid employees who earned a bonus in connection with work performed in any week in which they worked over forty hours within the past three years.**

40. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

41. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

42. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were paid hourly;

B. They were eligible for and received nondiscretionary bonuses; and

C. They were subject to Defendant's common policy and practice of failing to pay a proper overtime rate for all hours worked over forty (40) during weeks in which they performed work related to receiving the bonus.

43. Plaintiffs are unable to state the exact number of the class but believe that the class exceeds twenty (20) persons.

44. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

45. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

46. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

47. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

48. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to forty (40) in one week and to pay one-and-one-half (1.5) times their regular wages for all hours worked over forty (40), unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

51. Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

52. Defendant failed to pay Plaintiffs one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per week.

53. Defendant knew or should have known that its actions violated the FLSA.

54. Defendant's conduct and practices, as described above, were willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least

three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

56. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

58. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

59. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one-and-one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62. Defendant classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

63. Defendant failed to pay Plaintiffs and similarly situated employees one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per week.

64. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

65. Defendant knew or should have known that its actions violated the FLSA.

66. Defendant's conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

68. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

70. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

71. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

72. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74. Defendant classified Plaintiffs as non-exempt from the requirements of AMWA.

75. Defendant failed to pay Plaintiffs overtime wages as required under the AMWA for all hours that Plaintiffs worked in excess of forty (40) per week.

76. Defendant knew or should have known that its practices violated the AMWA.

77. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Latrice Stigger and Michelle Brown, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LATRICE STIGGER and MICHELLE BROWN, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

_____
April Rheaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com