IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LATRICE STIGGER and
MICHELLE BROWN, Each Individually
and on Behalf of All Others
Similarly Situated                                                                                                  PLAINTIFFS

v.                                              Case No. 6:20-cv-6107

STIHL SOUTHWEST, INC.                                                                                        DEFENDANT

### ORDER

Before the Court is the parties' joint Stipulation of Dismissal. (ECF No. 11). The Court finds that the matter is ripe for consideration.

On September 22, 2020, Plaintiff filed this action for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann § 11-4-201, *et seq*. On March 1, 2021, the parties filed the instant stipulation indicating that all issues in this case have been resolved. (ECF No. 11). The parties request the Court to dismiss this case with prejudice.

"[T]he law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Const., LLC*, No. 4:14-cv-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (collecting cases); *see also Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1127 (D. Minn. 2017) (questioning whether judicial approval of a proposed FLSA settlement is necessary in the absence of a final certified collective action). Several courts have held that settlement agreements resolving wage claims are subject to court approval to ensure that the parties are not negotiating around statutory minimum wages. *See, e.g.*, *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d

1350, 1353 (11th Cir. 1982); *Cruthis v. Vision's*, No. 4:12-cv-0244-KGB, 2014 WL 4092325 (E.D. Ark. Aug. 19, 2014). Other courts, including this Court, have held that judicial approval of an FLSA settlement is unnecessary when the lawsuit does not involve a certified class or collective action, all plaintiffs have been represented by counsel throughout the entirety of the case, and the parties wish for their agreement to remain private. *See, e.g.*, *Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047-SOH, 2018 WL 5784047, at *1 (W.D. Ark. Nov. 2, 2018); *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-CV-5230-TLB, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015).

This case has not been certified as a class or collective action. Thus, the case is being settled on an individual basis. Moreover, Plaintiff has been represented by counsel throughout the course of this litigation. Lastly, the parties have indicated that they desire to keep their settlement agreement confidential. Accordingly, it appears to the Court that the settlement agreement in this case does not require court approval.

An action may be dismissed by "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Caselaw concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). The instant stipulation of dismissal is signed by Plaintiffs and Defendant. Thus, Plaintiffs' claims against Defendant were effectively dismissed when the parties filed the instant stipulation. However, this order issues for purposes of maintaining the docket.

Accordingly, this case is hereby **DISMISSED WITH PREJUDICE**. If any party desires that the terms of the settlement be a part of the record herein, those terms should be reduced to writing and filed with the Court within thirty (30) days of the entry of this judgment. The Court

shall retain jurisdiction to vacate this order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 9th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge